UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Antonio Pugh,<br>    Plaintiff,<br><br>            v.<br><br>Lineage Logistics Services, LLC,<br>    Defendant. | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

**JURISDICTION AND VENUE**

1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

2. The Plaintiff, Antonio Pugh, is a citizen of the State of South Carolina, and resides in Charleston County, South Carolina.

3. The Defendant, Lineage Logistics Services, LLC., upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

4. The Defendant is an industry that affects commerce within the meaning of the FMLA.

5. The Defendant is a "person" within the meaning of the FMLA.

6. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

7. All employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant operates a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

9. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

10. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. The Defendant was subject to the Family and Medical Leave Act and offered it as a benefit to its employees.

12. In or around November 21, 2022, the Plaintiff began working for Defendant as an Hourly Piece Worker. At all times during his employment, the Plaintiff was efficient and effective in his work.

13. In or around November 2023, Plaintiff notified Human Resources that he would need to use intermittent FMLA to care for his wife, who has Lupus and is often hospitalized for that condition

14. Upon learning this, Plaintiff as given FMLA certification forms and completed them. Plaintiff used his FMLA leave during the 2023-2024 year, but upon information and belief, was given points for attendance violations for using said FMLA leave.

15. In or around October and November 2024, the Plaintiff notified Defendant of his ongoing need to use FMLA during the months of October and November for the hospitalization of his wife due to her health condition.

16. As a part of his job duties, plaintiff would constantly manipulate poultry products with his hands and bilateral upper extremities, and load said items onto trucks.

17. On or about November 8, 2024, the Plaintiff notified his supervisor, Daniel Neibch, that he was experiencing pain in his bilateral wrists, arms, and shoulders due to his job duties.

18. That same day, Plaintiff again notified Daniel Neibch of his workplace injury and requested to be seen by a doctor, thereby instituting a worker's compensation claim.

19. Daniel Neibch declined to send Plaintiff to a doctor and instead warned that if he went to go see a doctor on his own, he would incur points under the attendance policy.

20. On November 12, 2024, Plaintiff's employment was terminated by Defendant.

21. The Plaintiff's termination was in direct interference with the rights afforded to him under the FMLA and in retaliation for seeking leave to which he was entitled, as well as for establishing a worker's compensation claim.

## FOR A FIRST CAUSE OF ACTION
## Violation of the Family and Medical Leave Act – Interference

22. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

23. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects. Upon his request, he was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

24. Defendant's discipline against Plaintiff and discharge of his employment as a result of his having taken such leave is a violation of his rights under said statute(s).

25. By promptly terminating the Plaintiff, the Defendant failed to provide adequate medical leave as required by the FMLA and thus interfered with his attempt to secure and utilize such leave.

26. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

27. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, he is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Retaliation

28. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

29. Defendant's discipline against Plaintiff and discharge of her employment as a result of his having taken such leave is a violation of his rights under said statute.

30. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

31. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

32. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, he is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A THIRD CAUSE OF ACTION
### Retaliatory Discharge in Violation of §41-1-80

33. Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

34. Plaintiff's termination arose directly from his assertion of work-related claims.

35. Plaintiff's termination, in fact was retaliatory in nature for Plaintiff's institution of a workers' compensation claim in violation of S.C. Code §41-1-80, as amended.

36. Plaintiff's institution of a workers' compensation claim was the determinative factor in bringing about his discharge.

37. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to back wages to include overtime, interest in those back wages and front pay for wages he will lose in the future. Plaintiff is also entitled to benefits he would have received had he not been terminated in violation of 41-1-80.

38. Because of such wrongful and retaliatory discharge by Defendant, its agents and employees, Plaintiff, has been damaged in such an amount to be determined by the trier of fact.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendant for back pay to be doubled he would have earned (with related monetary benefits and interest thereon) had he been kept in his proper employment;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement to his former position; and

6. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
November 11, 2025.